UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY,

              Plaintiff,

  -against-

ALAN P. ROSEFIELDE,

             Defendant.
----------------------------------------X

Civil Action No. 2007

COMPLAINT

ECF CASE

'07 CIV 11273

JUDGE LYNCH

    Plaintiff American Guarantee and Liability Insurance Company, by its attorneys, Steinberg & Cavaliere, LLP, as and for its Complaint against defendant Alan P. Rosefielde, alleges as follows:

    1.   This is an action to rescind a Professional Liability Insurance Policy Corporate Lawyers - New York issued by plaintiff American Guarantee and Liability Insurance Company ("American Guarantee") to defendant Alan P. Rosefielde ("Rosefielde") and/or for a judgment declaring that American Guarantee has no duty to indemnify Rosefielde with respect to the final judgment entered in a civil lawsuit brought in the Superior Court of New Jersey, Chancery Division, Atlantic County, captioned *Bruce Kaye, et al. v. Alan P. Rosefielde, et al.* (Docket No. ATL-C-000017-05) (the "Kaye Action").

### PARTIES

    2.   American Guarantee is a corporation organized and existing under the laws of the State of New York with its statutory home office at One Liberty Plaza, 165 Broadway, New York, New York 10006.

3. Upon information and belief, Rosefielde is an attorney at law licensed to practice in the State of New York and is a resident of the State of Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction by virtue of 28 U.S.C. § 1332, the matter in controversy exceeding the sum of $75,000, exclusive of interest, attorneys' fees and costs.

5. Venue is properly located by virtue of 28 U.S.C. § 1391.

## FACTS

6. On or about September 1, 2004, Rosefielde executed and delivered to American Guarantee, or to Bertholon-Rowland Insurance Brokers ("Bertholon"), an application for a Professional Liability Insurance Policy Corporate Lawyers - New York (the "Application").

7. The policy for which Rosefielde applied is known as a "moonlighting policy," which, according to the Application, provides "coverage for your activities outside your normal employment."

8. On or about October 6, 2004, in reliance on the representations contained in the Application, American Guarantee issued a Professional Liability Insurance Policy Corporate Lawyers - New York to Rosefielde, bearing policy number LPL 9010346-1, for the policy period of November 16, 2004 to November 16, 2005, subject to the terms, provisions and conditions

therein, including limits of liability of $1,000,000 each claim and $1,000,000 in the aggregate (the "Policy").

9. Under the Policy, the parties thereto agreed that the Policy was issued in reliance upon the statements in the Application.

10. In the Application, Rosefielde represented that there was no circumstance, act, error or omission that could result in a professional liability claim against him.

11. The representation referenced in paragraph 10 above was inaccurate because, at the time the Application was executed and delivered to American Guarantee and/or Bertholon and/or prior to American Guarantee's issuance of the Policy, there were circumstances, acts, errors and/or omissions that could have resulted in a professional liability claim against Rosefielde, including, but not limited to, those circumstances, acts, errors and/or omissions relating to his acquisition of equity interests in LaSammana Ventures, LLC, LaSammana Management, LLC and BA Management, LLC, all of which are more fully described hereinafter.

12. In the Application, Rosefielde also represented that Plumrose Company, Inc. was his employer and represented that he spent one hour per week, out of a total work week of 61 hours, moonlighting.

13. If the claims asserted against Rosefielde in the Kaye Action arose out of activities outside of Rosefielde's employment with Plumrose Company, Inc., *i.e.*, Rosefielde was in fact

"moonlighting," then the representations referenced in paragraph 12 above were inaccurate because Rosefielde misrepresented the extent of his moonlighting activities in the Application.

14. The aforementioned misrepresentations or non-disclosures were material to American Guarantee because they affected the premium charged for the Policy.

15. The aforementioned misrepresentations or non-disclosures were material to American Guarantee because they affected the risk assumed by American Guarantee.

16. American Guarantee would not have issued the Policy at all, or under the terms therein provided, or at the premium charged therefor, if it had known of the misrepresentations or non-disclosures.

17. Upon information and belief, Rosefielde may have withheld the true facts as aforesaid with the intent to deceive American Guarantee.

18. Upon information and belief, Rosefielde may have withheld the true facts as aforesaid for the purpose of inducing American Guarantee to issue the Policy which it might not otherwise have issued, or to issue the Policy at a lower premium than otherwise would have been charged therefor and/or with different terms than otherwise would have been included therein.

**The Kaye Action**

19. In or about February 2005, during the claims-made period of the Policy, American Guarantee received notice from Rosefielde of the Kaye Action.

20. By letter dated March 10, 2005, American Guarantee agreed to provide Rosefielde with a defense to the Kaye Action subject to a full reservation of rights.

21. The Kaye Action arises out of actions allegedly undertaken by Rosefielde in his capacity as Chief Operating Officer and/or General Counsel for the named plaintiffs in the Kaye Action.

22. According to the allegations of the complaint in the Kaye Action, Rosefielde performed services for the named plaintiffs through Plumrose Company, Inc. and his annual compensation was paid to Plumrose Company, Inc.

23. Count One of the complaint in the Kaye Action alleged that Rosefielde negotiated a settlement agreement and general release in such a manner as to acquire for himself a 10% interest in LaSammana Ventures, LLC through "fraud, device, breach of fiduciary responsibility and legal malpractice."

24. Count Two of the complaint in the Kaye Action alleged self-dealing by Rosefielde in the negotiation and execution of an agreement related to LaSammana Management, LLC, including the appointment of himself as Chief Executive Officer and President, a 10% of profit fee for such services and the distribution of a 15% interest in the company to Rose Associates, Inc., a company allegedly wholly-owned by Rosefielde.

25. Count Three of the complaint in the Kaye Action alleged that Rosefielde, through Rose Associates, Inc., acquired a 20%

interest in, and a 20% profit distribution from, BA Management, LLC through "deceit, fraud and trickery."

26. Count Four of the complaint in the Kaye Action alleged that Rosefielde, while acting as legal counsel to the plaintiffs, declined directives by the plaintiffs to install all necessary computer software to ensure compliance with the federal "Do Not Call" legislation.

27. Count Five of the complaint in the Kaye Action alleged that Rosefielde submitted false business expenses for reimbursement by the plaintiffs.

28. Count Six of the complaint in the Kaye Action alleged that during his tenure as General Counsel to the plaintiffs, Rosefielde was not authorized to practice law in the State of New Jersey.

29. Count Seven of the complaint, as amended, in the Kaye Action alleged that Rosefielde breached his fiduciary duty of fidelity and loyalty to plaintiffs.

30. The complaint in the Kaye Action sought rescission of the agreements referenced in Counts One and Two of the Kaye Action complaint and the disgorgement of all payments and profits received in connection with those transactions; rescission of the "Operating Agreement [for] BA Management LLC;" injunctive relief preventing Rosefielde from acting on behalf of any of the plaintiffs; compensatory damages, including, but not limited to, the fine and associated legal expenses related to the allegations

of Count Four; double damages for fraud; restitution of legal fees; punitive damages; and interest.

31. By written opinion dated August 10, 2007, after a bench trial, the Court in the Kaye Action held in favor of plaintiffs on Count One, finding self-dealing by Rosefielde and granting rescission and awarding attorneys' fees; held in favor of plaintiffs on Count Two, finding self-dealing by Rosefielde and granting rescission and awarding attorneys' fees; held in favor of plaintiffs on Count Three, finding fraud by Rosefielde and granting rescission and awarding attorneys' fees; held in favor of Rosefielde on Count Four, awarding attorneys' fees to Rosefielde; held in favor of plaintiffs on Count Five to the extent of ordering restitution of $4,000 of reimbursed false business expenses and awarding attorneys' fees; made no finding as to Count Six inasmuch as it was dismissed prior to trial; and, while finding many acts to establish liability with respect to Count Seven, found, and awarded, no damages.

32. By written opinion dated November 1, 2007, the Court in the Kaye Action awarded counsel fees and costs to plaintiffs in the amount of $803,189.99 and punitive damages in the amount of $250,000, for a total award of $1,053,189.99, and awarded counsel fees and costs to Rosefielde in the amount of $86,514.23, resulting in a net award to plaintiffs in the amount of $966,675.76.

33. By final judgment dated November 1, 2007, the Court in the Kaye Action found and ordered, *inter alia*, (i) that judgment

7

be entered in favor of plaintiffs and against Rosefielde on Counts 1, 2 and 3 of the complaint, (ii) that the agreements referenced in Counts 1, 2 and 3 of the complaint be rescinded; (iii) that plaintiffs had proven legal malpractice by Rosefielde with respect to the transactions referenced in Counts 1, 2 and 3 of the complaint; (iv) that plaintiffs had proven that Rosefielde committed legal malpractice in the creation and execution of the BA Management Agreement; (v) that because plaintiffs had proven legal malpractice and fraud, plaintiffs are entitled to legal fees and costs; (vi) that judgment of no cause of action be entered against plaintiffs and in favor of Rosefielde on Count 4, and that Rosefielde is entitled to legal fees and costs; (vii) that judgment be entered in favor of plaintiffs and against Rosefielde on Count 5 to the extent of $4,000 only; (viii) that plaintiffs be awarded punitive damages relative to Counts 3 and 5; and (ix) that, as a result of all of the foregoing, judgment be entered in favor of plaintiffs and against Rosefielde in the net amount of $966,675.76.

### FIRST CLAIM FOR RELIEF

34. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

35. On the basis of the material misrepresentation or non-disclosure in the Application, American Guarantee is entitled to rescission of the Policy.

36. Upon rescission of the Policy, American Guarantee would return the premium paid therefor, with any interest as may be appropriate.

37. American Guarantee has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

38. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

39. Upon rescission of the Policy, American Guarantee is entitled to a judgment declaring that it has no obligation to provide coverage to Rosefielde for any claims asserted under the Policy, including but not limited to, the Kaye Action.

40. American Guarantee has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

41. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

42. Upon rescission of the Policy, American Guarantee is entitled to the return or reimbursement of all sums paid by it or which may be paid by it in providing Rosefielde a defense to the Kaye Action and/or in providing Rosefielde any indemnity in the Kaye Action, with interest.

### FOURTH CLAIM FOR RELIEF

43. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

44. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that it is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action because, pursuant to exclusion (a), the Policy does not apply "[t]o any claim based upon or arising out of any dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful acts or omissions committed by the Insured," and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

45. American Guarantee has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

46. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

47. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that it is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action because, pursuant to exclusion (b), the Policy does not apply "[t]o damages arising out of professional services rendered or that should have been rendered by the Insured for his employer," and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

48. American Guarantee has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

49. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

50. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that, pursuant to exclusion (c)(1) of the Policy, American Guarantee is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action to the extent that said judgment arises out of the "insured's capacity as . . . an officer, director, partner or stockholder employee of a business enterprise, charitable organization or pension, welfare, profit sharing, mutual or investment fund or trust, and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

51. American Guarantee has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF

52. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

53. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that, pursuant to the definition of "Damages" contained in the Policy, American Guarantee is not

obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action to the extent that said judgment includes "fines or penalties whether imposed by law or otherwise," and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

54. American Guarantee has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF

55. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

56. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that, pursuant to the definition of "Claim" contained in the Policy, American Guarantee is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action to the extent that said judgment includes equitable and/or non-pecuniary relief, and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

57. American Guarantee has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF

58. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

59. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that it is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action to the extent that said judgment includes damages uninsurable as a matter of law, and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

60. American Guarantee has no adequate remedy at law.

### TENTH CLAIM FOR RELIEF

61. American Guarantee repeats and realleges each and every allegation contained in paragraphs 1 through 33 above with the same force and effect as if each were set forth fully below.

62. Alternatively, in the event this Court determines that rescission is inappropriate, American Guarantee is entitled to (i) a judgment declaring that, pursuant to Section I(a) of the Policy, American Guarantee is not obligated to indemnify Rosefielde with respect to the judgment in the Kaye Action to the extent said judgment does not arise out of the Insured's profession as a lawyer, and (ii) a judgment awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

63. American Guarantee has no adequate remedy at law.

WHEREFORE, American Guarantee demands judgment:

1. on the First Claim, rescinding the Policy and declaring same null and void *ab initio*;

2. on the Second Claim, declaring that American Guarantee has no obligation to provide coverage to Rosefielde for any claims asserted under the Policy, including, but not limited to, the Kaye Action;

3. on the Third Claim, declaring that American Guarantee is entitled to the return or reimbursement of all sums paid by it or which may be paid by it in providing Rosefielde a defense to the Kaye Action and/or in providing Rosefielde any indemnity in the Kaye Action, with interest;

4. alternatively, on the Fourth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf;

5. alternatively, on the Fifth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf;

6. alternatively, on the Sixth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in

whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

7.  alternatively, on the Seventh Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf.

8.  alternatively, on the Eighth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf;

9.  alternatively, on the Ninth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf;

10. alternatively, on the Tenth Claim, in the event this Court determines that rescission is inappropriate, declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on Rosefielde's behalf;

11. granting American Guarantee its costs, disbursements and reasonable attorneys' fees herein; and/or

12. awarding such other and further relief as this Court deems just and proper.

Dated:   White Plains, New York
         December 14, 2007

STEINBERG & CAVALIERE, LLP

By: _____
    Steven A. Coploff (SC 0506)

Attorneys for Plaintiff
50 Main Street, Suite 901
White Plains, New York 10606
(914) 761-4200

S&C#91411.1