UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALAN P. ROSEFIELDE,<br><br>　　　　　　Defendant. | ECF CASE<br><br>Civil Action 07-civ-11273 (GEL/GWG)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY PURSUANT TO COUNT ONE OF PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

Defendant Alan P. Rosefielde submits this brief in support of his motion to dismiss Count One of plaintiffs' Complaint for failure to plead fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

## FACTUAL BACKGROUND

The Complaint in this action alleges the following background facts which are not disputed for the purposes of this motion. On or about September 1, 2004, Alan P. Rosefielde ("Rosefielde") applied for a Professional Liability Insurance Policy Corporate Lawyers - New York with American Guarantee and Liability Insurance Company ("American Guarantee"). American Guarantee accepted Rosefielde's application and issued the policy. (Compl. at ¶6). In February 2005, Rosefielde requested that American Guarantee provide him with a defense to litigation filed in Atlantic County, New Jersey and captioned as <u>Kaye v. Rosefielde</u>, ATL-C-000017-05 (N.J. Super. Ct. 2007) (the "Kaye Litigation"). American Guarantee agreed to defend the <u>Kaye</u> matter and counsel appointed by American Guarantee defended Rosefielde in the Kaye Litigation for over two years from March of 2005 to December of 2007. (Compl. at ¶20).

After trial and post-trial proceedings, Rosefielde was found liable and a judgment in the net amount of $966,675.76 was entered against him in the Kaye Litigation. (Compl. at ¶33). That judgment has been appealed.

American Guarantee filed this action on December 14, 2007 seeking rescission of the policy on the grounds of fraud. See Count One. In the alternative, American Guarantee seeks a declaration that it is not responsible to indemnify Rosefielde for the judgment in the Kaye Litigation. See Count Two.

American Guarantee's Complaint alleges that Rosefielde fraudulently induced it to issue the policy by making material misrepresentations on his application. (Compl. at ¶¶14-15). The Complaint states in relevant part:

> In the Application, Rosefielde represented that there was no circumstance, act, error or omission that could result in a professional liability claim against him. (Compl. at ¶10).
>
> The representation referenced in paragraph 10 above was inaccurate because, at the time the Application was executed and delivered to American Guarantee . . . and/or prior to American Guarantee's issuance of the Policy, there were circumstances, acts, errors and/or omissions that could have resulted in a professional liability claim against Rosefielde. (Compl. at ¶11).
>
> In the Application, Rosefielde also represented that Plumrose Company, Inc. was his employer and represented that he spent one hour per week, out of a total work week of 61 hours, moonlighting. (Compl. at ¶12).
>
> If the claims asserted against Rosefielde in the Kaye Action arose out of activities outside of Rosefielde's employment with Plumrose Company, Inc., i.e., Rosefielde was in fact "moonlighting," then the representations referenced in paragraph 12 above were inaccurate because Rosefielde misrepresented the extent of his moonlighting activities in the Application. (Compl. at ¶13).

These allegations are the basis for American Guarantee's request for rescission of the policy and for reimbursement of the payments made to assigned counsel. (Compl. at ¶¶35, 42).

2

**LEGAL ARGUMENT**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud, . . . the circumstances constituting fraud . . . shall be stated with particularity." This means that a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Mere "conclusory allegations that [a] defendant's conduct was fraudulent or deceptive are not enough." Decker v. Massey-Ferguson, 681 F.2d 111, 114 (2d Cir. 1982).

The Second Circuit has held that Rule 9(b) imposes these stricter requirements to "protect defendants, particularly . . . professionals, from harm to their reputation resulting from ungrounded actions, and to give defendants notice of the precise conduct in issue." Billard v. Rockwell International, 683 F.2d 51, 57 (2d Cir. 1982). A defendant is entitled to notice of the conduct in issue in order to properly defend the suit. See id. Otherwise, a defendant can be subjected to "irreparable damage to [his] reputation[] and goodwill which results from charges of fraud." Decker, 681 F.2d at 114.

American Guarantee's Complaint falls short of the particularity requirements of Rule 9(b). As a consequence, it is difficult to understand the allegations of fraud being asserted. For example, the Complaint does not identify the specific statements in Rosefielde's Application that were allegedly false. It also fails to explain why they were false. Instead, it states generally that Rosefielde was involved in certain "circumstances, acts, errors and/or omissions that could have resulted in a professional liability claim." (Compl. at ¶11). The Complaint also fails to specify what acts Rosefielde allegedly committed that made his representations in the Application misleading. By omitting these specific facts, American Guarantee's allegations are insufficient.

Moreover, American Guarantee does not affirmatively allege that Rosefielde committed fraud by participating in activities outside of his employment with Plumrose. The Complaint intimates that "[i]f the claims asserted against Rosefielde in the Kaye action arose out of activities outside of Rosefielde's employment with Plumrose . . . then the representations [on his application] were inaccurate." (Compl. at ¶13). The Complaint neither alleges that Rosefielde actually had another job nor how many hours he allegedly spent working there. Without these crucial details to support the fraud allegation, the Complaint does not meet the heightened pleading standard.

The paucity of detail in American Guarantee's Complaint is similar to that of the Complaint in Pilarczyk v. Morrison Knudsen Corp., 965 F.Supp. 311 (N.D.N.Y. 1997). In Pilarczyk, former shareholders of a corporation brought a securities fraud action against an acquiring corporation. The gravamen of the shareholders' Complaint was that the directors and officers of the acquiring corporation made fraudulent and misleading statements that induced the public to purchase its stock. Id. at 320-21. However, the shareholders' Complaint stated only bald assertions that the directors and officers of the acquiring corporation made "a series of false and misleading favorable public statements." Id. at 321. The Court held that this Complaint failed to plead fraud with particularity because there was no mention of any specific statements that were allegedly fraudulent. Id. In addition, the generic Complaint did not explain "in what respects the statements at issue were false, or allege facts that give rise to a strong inference of fraudulent intent." Id. quoting San Leandro Emergency Medical Plan v. Philip Morris, 75 F.3d 801, 812 (2d Cir. 1996). "At various points, [it] merely allege[d] in general and conclusory terms that these statements were false or misleading, without specifically alleging why." Pilarczyk, 965 F.Supp. at 321.

4

Like the Complaint in <u>Pilarczyk</u>, American Guarantee's Complaint fails to specify what particular conduct was fraudulent or the reasons why the conduct was fraudulent. Without these details, Rosefielde does not have proper notice of the charges being asserted against him and is unable to adequately answer the Complaint.

## CONCLUSION

For the foregoing reasons, American Guarantee's Complaint must be dismissed for failure to plead fraud with sufficient particularity.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation


By: *s/ Alexander Nemiroff*
    Alexander Nemiroff
    One Centennial Square
    Haddonfield, NJ 08033-0968
    (856) 795-2121
    Attorneys for Defendant,
    Alan P. Rosefielde

Dated: February 27, 2008

3117540v2