UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,

Plaintiff,

-against-

ALAN P. ROSEFIELDE,

Defendant.

----------------------------------X

Civil Action No.
07 Civ. 11273 (GEL) (GWG)

ECF CASE

MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO DISMISS FIRST CLAIM FOR RELIEF

STEINBERG & CAVALIERE, LLP
Attorneys for Plaintiff
50 Main Street, 9th Floor
White Plains, New York 10606
(914) 761-4200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,

Plaintiff,

-against-

ALAN P. ROSEFIELDE,

Defendant.

-----------------------------------X

Civil Action No.
07 Civ. 11273 (GEL) (GWG)

ECF CASE

**MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION TO DISMISS FIRST CLAIM FOR RELIEF**

**Preliminary Statement**

Plaintiff American Guarantee and Liability Insurance Company ("American Guarantee") submits this memorandum of law in opposition to the motion of defendant Alan P. Rosefielde ("Rosefielde") to dismiss American Guarantee's First Claim for Relief in this action.

The First Claim for Relief seeks the rescission of an insurance policy issued by American Guarantee to Rosefielde. The sole basis for this motion is the contention that American Guarantee has failed to plead the claim for rescission with the particularity required by Fed. R. Civ. P. 9(b) ("Rule 9(b)").

However, as discussed below, under the law of New York, neither fraud nor scienter is a necessary element of a claim for rescission and, as also discussed below, Rule 9(b) does not apply to a claim for which neither fraud nor scienter is a necessary element. Thus, there is no cognizable basis for this motion.

In any event, even if Rule 9(b) were in fact applicable to a claim for rescission, American Guarantee's First Claim for Relief satisfies Rule 9(b).

Accordingly, for either reason or both, Rosefielde's motion should be denied in its entirety.

**Factual Background**

For the purposes of this motion to dismiss, the allegations of the complaint must be taken as true. *See In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 1907005, *1 (S.D.N.Y. Aug. 8, 2005).

American Guarantee is an insurance company organized and existing under the laws of the State of New York with its home office in New York City. Cplt., ¶ 1. Rosefielde is an attorney at law licensed to practice in New York and residing in Florida. *Id.*, ¶ 2.

On September 1, 2004, Rosefielde executed and delivered to American Guarantee, or a broker, an application for a "Professional Liability Insurance Policy Corporate Lawyers - New York" ("the Application"). *Id.*, ¶ 6. The policy for which Rosefielde applied is known as a "moonlighting policy," which, according to the Application, provides "coverage for your activities outside your normal employment." *Id.*, ¶ 7. In more colloquial terms, a moonlighting policy is generally issued to an in-house corporate attorney who practices a little law "on the side."

On October 6, 2004, American Guarantee issued the policy to Rosefielde. *Id.*, ¶ 8. Both parties agreed that the policy was issued by American Guarantee in reliance upon the statements made by Rosefielde in the Application. *Id.*, ¶ 9.

In the Application, Rosefielde represented that there was no circumstance, act, error or omission that could result in a

professional liability claim against him. *Id.*, ¶ 10. However, that representation was inaccurate because there were circumstances, acts, errors, and/or omissions that could have resulted in a professional liability claim against Rosefielde, including, but not limited to, those circumstances, acts, errors and/or omissions relating to his pre-Application acquisition of equity interests in LaSammana Ventures, LLC, LaSammana Management, LLC and BA Management, LLC. *Id.*, ¶ 11.[1] Specifically, in the action entitled *Bruce Kaye, et al. v. Alan P. Rosefielde, et al.* (the "Kaye Action"), with respect to which Rosefielde seeks indemnification from American Guarantee, the trial court found that Rosefielde had committed legal malpractice and engaged in self-dealing and/or fraud with respect to those three, pre-Application transactions. *Id.*, ¶¶ 23-25, 31, 33.

In the Application, Rosefielde also represented that Plumrose Company, Inc. ("Plumrose") was his employer and that he spent only one hour per week, out of a total work week of 61 hours, moonlighting. *Id.*, ¶ 13. However, as the claims asserted against Rosefielde in the Kaye action arose out of significant time-consuming activities outside his employment with Plumrose, Rosefielde misrepresented the true extent of his moonlighting activities in the Application. *Id.*, ¶ 13.

The complaint further alleges that Rosefielde's misrepresentations or non-disclosures were material in that they

[1]The specifics relating to those three transactions are described as ¶¶ 23-25 of the complaint.

affected the risk assumed by American Guarantee, the premium charged by American Guarantee and/or even whether American Guarantee would have issued the policy at all or under the terms it did had it known of the misrepresentations or non-disclosures. *Id.*, ¶¶ 14-17.

Subsequent to the issuance of the policy, in February 2005, American Guarantee received notice from Rosefielde of the Kaye Action. *Id.*, ¶ 19. By letter dated March 10, 2005, American Guarantee agreed to provide Rosefielde with a defense to the Kaye Action subject to a full reservation of rights. *Id.*, ¶ 20.

After a trial and post-trial proceedings, a judgment was entered in favor of Kaye, *et al.*, and against Rosefielde in the net amount of $966,675.76. *Id.*, ¶ 33.

American Guarantee commenced the instant action on December 17, 2007. As noted above, the First Claim for Relief seeks rescission of the policy on the basis of the material misrepresentations or non-disclosures in the application. *Id.*, ¶¶ 34-37. The Second and Third Claims for Relief seek relief ancillary to rescission. ¶¶ 38-40 and 41-42. The Fourth through Tenth Claims for Relief seek, alternatively, based on various terms and conditions of the policy and on common law, a judgment declaring that American Guarantee is not obligated to indemnify Rosefielde (in whole or in part) with respect to the judgment in the Kaye Action, and awarding American Guarantee damages for the amount of any defense costs paid by American Guarantee on

Rosefielde's behalf. *Id.*, ¶¶ 43-45, 46-48, 49-51, 52-54, 55-57, 68-60 and 61-63.

The instant motion is directed solely at the rescission claim and based solely on Rule 9(b). For the reasons set forth below, the motion should be denied.

**Argument**

**POINT I**

**RULE 9(b) DOES NOT APPLY TO A CLAIM FOR RESCISSION**

Rosefielde moves to dismiss the claim for rescission on the ground that it fails to plead fraud with sufficient particularity as required by Rule 9(b). But Rule 9(b) applies to a claim for fraud and a claim for rescission is not a fraud claim. Accordingly, Rule 9(b) does not apply to American Guarantee's claim for rescission.

As the court noted in *Nationwide Mutual Fire Insurance Co. v. Pascarella*, 993 F. Supp. 134, 136 (N.D.N.Y. 1998), "[u]nder New York law, an insurance company is entitled to the rescission of a policy if the company relied on a material misrepresentation made by the insured in his or her application by issuing the policy." Moreover, the insurer is entitled to rescind the policy even if the material misrepresentation was innocently or unintentionally made. *See, e.g., Vella v. Equitable Life Assurance Society of the United States*, 887 F.2d 388, 391 (2d Cir. 1989); *Nationwide Mutual Fire Insurance Co. v. Pascarella, supra*, 993 F. Supp. at 136; *McLaughlin*

*v. Nationwide Mutual Fire Insurance Co.*, 8 A.D.3d 739, 777 N.Y.S.2d 773, 774 (3d Dept. 2004).[2]

Thus, fraud and scienter are not necessary elements of a claim for rescission of an insurance policy under New York law. And, as this Court has stated a number of times, Rule 9(b) does not apply if fraud and scienter are not necessary elements of the claim. *See In re Global Crossing, Ltd. Sec. Litig.*, *supra*, 2005 WL 1907005 at *5; *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 1875445 at *3 (S.D.N.Y. Aug. 5, 2005); *Norman v. Salomon Smith Barney Inc.*, 350 F. Supp. 2d 382, 390 (S.D.N.Y. 2004).

In fact, the very issue raised by this motion was presented to the court many years ago in *Union Mutual Life Insurance Co. v. Bleetstein*, 3 F.R.D. 205 (E.D.N.Y. 1942). There, the court rejected the argument that Rule 9(b) applied to a claim for rescission of an insurance policy, holding as follows:

> The action is not laid in fraud, but is for rescission because of misrepresentation. Nowhere is fraud mentioned in the complaint or the bill of particulars by which it is supplemented. This is an action of a kind peculiar to the field on insurance. [Citation omitted].
>
> Fraudulent intent need not be alleged or shown in actions for rescission on the ground of misrepresentation.

---

[2]To the extent that the complaint alleges that Rosefielde "may have withheld the true facts . . . with intent to deceive American Guarantee" (¶ 17) and Rosefielde "may have withheld the true facts . . . for the purpose of inducing American Guarantee to issue the Policy . . . .") (¶ 18), those allegations are superfluous because "intent to deceive" and "purpose of inducing" are not necessary elements of a claim for rescission. Accordingly, those allegations are hereby withdrawn.

3 F.R.D. at 206.

Accordingly, Rosefielde's motion should be denied in its entirety on the ground that Rule 9(b) does not apply to a claim for rescission.

**POINT II**

**EVEN IF RULE 9(b) DID APPLY TO A CLAIM FOR RESCISSION, THE COMPLAINT SATISFIES RULE 9(b)**

Even if Rule 9(b) did apply to a claim for rescission, which it does not, the complaint herein satisfies Rule 9(b). The complaint clearly specifies the Application statements by Rosefielde that are alleged to be false — (1) that there was no circumstance, act, error or omission that could result in a professional liability claim against Rosefielde (Cplt., ¶ 10); and (2) that Rosefielde spent only one hour per week, out of a total work week of 61 hours, moonlighting (*id.*, ¶ 12).

The complaint identifies the speaker — Rosefielde (*id.*, ¶ 6); and states where and when the statements were made — in the Application on September 1, 2004 (*id.*, ¶ 6).

Finally, the complaint clearly alleges why those statements were false. The first representation was false because Rosefielde did not disclose the circumstances, acts, errors and/or omissions relating to his acquisition of equity interests in LaSammana Ventures, LLC, LaSammana Management, LLC and BA Management, LLC, as to which he was actually found by the court in the Kaye Action to have committed legal malpractice and engaged in self-dealing and/or fraud (*see id.*, ¶¶ 11, 23-25, 31, 33). And the second representation was false because, as the complaint alleges (¶ 13),

the claims asserted against Rosefielde in the Kaye Action arose out of extensive time-consuming activities by Rosefielde outside his employment with Plumrose; thus, Rosefielde misrepresented the true extent of his moonlighting in the Application.

Accordingly, even if Rule 9(b) were applicable, the First Claim for Relief should be sustained.

**Conclusion**

For all of the reasons set forth above, Rosefielde's motion to dismiss the First Claim for Relief should be denied in its entirety. In the alternative, if the Court grants Rosefielde's motion to dismiss, the dismissal should be without prejudice and American Guarantee should be granted leave to replead.

Dated: White Plains, New York
March 12, 2008

Respectfully submitted,

STEINBERG & CAVALIERE, LLP

By: ____________________
Steven A. Coploff (SC 0506)

Attorneys for Plaintiff
50 Main Street, Suite 901
White Plains, New York 10606
(914) 761-4200

S&C#92973.1