UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALAN P. ROSEFIELDE,<br><br>Defendant. | ECF CASE<br><br>Civil Action 07-civ-11273 (GEL/GWG)<br><br>**REPLY BRIEF OF DEFENDANT IN FURTHER SUPPORT OF THE MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S COMPLAINT FOR FAILURE TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY** |

## INTRODUCTION

Defendant Alan P. Rosefielde ("Rosefielde") submits this reply brief in further support of his motion to dismiss Count One of the Complaint by plaintiff American Guarantee and Liability Insurance ("American Guarantee") for failure to plead fraud with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

## ARGUMENT

The motion before the Court raises the issue of whether American Guarantee is seeking to rescind the insurance policy it issued to Rosefielde based upon a claim of fraud or merely based upon a claim of negligent misrepresentation. This issue arises because American Guarantee's Complaint fails to comply with a basic requirement of Fed. R. Civ. P. 8 by neglecting to identify the "claims" or causes of action it seeks to pursue.

Rosefielde and the Court should not have to guess about the nature of the claims being asserted in this action. If American Guarantee only intends to seek relief based upon a claim of negligent misrepresentation, as suggested in its opposition brief, it should state that directly in its

pleading.  If it intends to pursue a claim for intentional misrepresentation or fraud, as suggested at points in its Complaint, it should be explicit in that regard.  In either circumstance, American Guarantee should be required to file an Amended Complaint that clarifies the nature of its "claims" by specifying the causes of action it intends to pursue. If one of the claims included in that Amended Complaint is intentional misrepresentation or fraud, American Guarantee should comply with Rule 9(b).

Fed. R. Civ. P. 8(a) requires a Complaint to contain two components in addition to a jurisdictional statement: (1)  "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (e) "a demand for the relief sought, which may include relief in the alternative or different types of relief."   The purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).  A Complaint in derogation of this rule should be dismissed if it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000).

The Appendix of Forms to the Federal Rules of Civil Procedure provide clear guidance concerning the requirements of Rule 8 by concisely outlining how to identify a cause of action asserted against a defendant.  See, e.g. Form 11 (form of Complaint in Negligence).  There should be no speculation about the particular legal theory relied upon in the Complaint.  See Kittay, 230 F.3d at 541 (stating that a plaintiff must enable the defendant "to have a fair understanding of what the plaintiff is complaining about").

American Guarantee's Complaint in this case confusingly mixes together the two requirements of Rule 8 noted above by including ten separate "claims for relief."  Instead of identifying the two claims American Guarantee's brief says it intends to pursue -- a common law

2

claim for negligent misrepresentation and a claim for a declaration of contractual rights under the Declaratory Judgment Act -- these ten separate "claims for relief," with few exceptions, do not refer to the legal basis for the claims asserted but instead each seek a separate form of relief. A far simpler and plainer pleading would have included two counts -- one for negligent misrepresentation and a second for a declaration of contractual rights -- along with a prayer for relief that includes a demand for the various forms of relief, such as rescission of the policy, damages, and a declaration.

In opposing the pending motion, American Guarantee cites an early case, Union Mutual Life Insurance v. Bleetstein, 3 F.R.D. 205 (E.D.N.Y. 1942), for the proposition that a claim for rescission of an insurance policy does not have to meet the requirements of Rule 9(b). More recent cases have made clear, however, that a complaint can allege fraud without explicitly using the term "fraud" and that where the gist of the claim is fraud, a pleading is subject to the heightened pleading standard of Rule 9(b). Thus, in Kershaw v. Nautica, 885 F.Supp. 617, 619 (S.D.N.Y. 1995), this Court distinguished the holding of Union Mutual by ruling that the Union Mutual decision was not based upon the absence of the term "fraud" in the complaint before the court in that case. Instead, Kershaw held that the decision in Union Mutual was founded upon the Court's determination that the complaint at issue "was not laid in fraud." Kershaw, 885 F.Supp. at 619.

American Guarantee's Complaint is similar to the Complaint in Kershaw, where the court held that the Complaint stated a claim for fraud -- and was therefore subject to Rule 9(b) -- because its alleged that the defendant, in applying for an insurance policy, provided information that was knowingly false and "intended that plaintiffs rely on the false information." Kershaw, 885 F.Supp. at 618. The Complaint in this case similarly alleges:

> Upon information and belief, <u>Rosefielde may have withheld the true facts as aforesaid with the intent to deceive American Guarantee</u>.
>
> Upon information and belief, <u>Rosefielde may have withheld the true facts as aforesaid for the purpose of inducing</u> American Guarantee to issue the policy which it might not otherwise have issued, or to issue the Policy at a lower premium than otherwise would have been charged therefor and/or with different terms than otherwise would have been included therein.

(Compl. at ¶¶ 17-18) (emphasis added). If American Guarantee is not intending to accuse Rosefielde of intentional deception or fraud, it has no business including allegations to the effect that Rosefielde intended to deceive it. A claim of fraud alleges that the defendant "knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged." <u>Kershaw</u>, 885 F. Supp. at 620. "[A] complaint contain[s] all the necessary elements of a good cause of action for fraud for rescission of contract where [the] complaint describe[s] misrepresentations and recite[s] other elements of fraud." <u>Id.</u> (citations omitted). The allegations noted above indicate that American Guarantee has alleged misrepresentations of fact, upon information and belief, knowledge and wrongful intent.

Moreover, it is improper for a party to allege fraud where its allegations are made "upon information and belief and the sources [are] not specified." <u>Kershaw</u>, 885 F. Supp. at 622. Where a party pleads based upon information and belief, its complaint must state the reasons upon which the belief of the alleged facts is founded. <u>Moll v. US Life Title Insurance Company</u>, 654 F. Supp. 1012, 1034-35 (S.D.N.Y. 1987). Indeed "Rule 9(b) will have failed in its purpose if conclusory generalizations permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrong-doing or of obtaining a substantial settlement." <u>Id.</u> at 1034. Nowhere in its Complaint does American Guarantee specify the source of such information or the reasons underlying its belief of these allegations.

In <u>Kershaw</u>, this Court dismissed a Complaint for failure to meet the particularity requirements of 9(b) where facts critical to the gravamen of the Complaint were generally stated "upon information and belief."  885 F.Supp. at 623.  Like the Complaint in <u>Kershaw</u>, the sections of American Guarantee's Complaint regarding the crux of the causes of action are based upon information and belief without specific sources listed as required by Rule 9(b).  <u>See</u> <u>Kershaw</u>, 885 F.Supp. at 621.

The Court should dismiss American Guarantee's Complaint and order it to file an Amended Complaint that clearly identifies its legal claims -- the specific causes of action or statutes upon which it relies --  in separate counts; that refrains from making any allegations upon "information and belief" unless it complies with the rules relating to such allegations; and that complies fully with the specificity requirements of Rule 9(b) if it chooses to include a claim for fraud.

## CONCLUSION

For the foregoing reasons, American Guarantee's Complaint should be dismissed with leave to file an Amended Complaint that complies with Rules 8 and 9(b) in the manner requested above.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation


By:     _s/  Alexander Nemiroff_____
        Alexander Nemiroff
        One Centennial Square
        Haddonfield, NJ 08033-0968
        (856) 795-2121
        Attorneys for Defendant,
        Alan P. Rosefielde


Dated:   March 19, 2008.

3183657v1