UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALAN P. ROSEFIELDE,<br><br>Defendant. | ECF CASE<br><br>Civil Action 07-civ-11273 (GEL/GWG)<br><br><br>**ANSWER, COUNTERCLAIM<br>AND JURY DEMAND** |

Defendant, Alan P. Rosefielde ("Rosefielde"), by way of Answer and Counterclaim to Plaintiff's Complaint, alleges as follows:

1. Rosefielde admits that Plaintiff, American Guarantee and Liability Insurance Company ("American Guarantee"), seeks to rescind a professional liability insurance policy that it issued to Rosefielde but denies that American Guarantee is entitled to any such relief or any of the other relief referred to in the Complaint.

## **PARTIES**

2. The allegations of Paragraph 2 are admitted.

3. Rosefielde admits that he is an attorney-at-law licensed to practice in New York and further admits that he is a citizen of the State of Florida.

## JURISDICTION AND VENUE

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

## FACTS

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are denied.

12. With respect to the allegations of Paragraph 12, Rosefielde admits that he represented that Plumrose Company, Inc. was his employer and that he spent approximately one hour per week, out of a total work week of sixty-one hours, "moonlighting" within the meaning of the application.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

2

17. With respect to the allegations of Paragraph 17, Rosefielde denies that he withheld any information or made any misrepresentations in connection with his application to American Guarantee.

18. With respect to the allegations of Paragraph 18, Rosefielde denies that he withheld any information or made any misrepresentations, intentional or otherwise.

19. The allegations of Paragraph 19 are admitted.

20. The allegations of Paragraph 20 are denied in that the letter referred to speaks for itself.

21. The allegations of Paragraph 21 are admitted.

22. The allegations of Paragraph 22 are admitted.

23. Rosefielde admits that Paragraph 23 is generally accurate in characterizing certain of the allegations of Count One of the Complaint in the Kaye Action.

24. Rosefielde admits that Paragraph 24 is generally accurate in characterizing the allegations of Count Two of the Complaint in the Kaye Action.

25. Rosefielde admits that Paragraph 25 is generally accurate in characterizing the allegations of Count Three of the Complaint in the Kaye Action.

26. Rosefielde admits that Paragraph 26 is generally accurate in characterizing certain of the allegations of Count Four of the Complaint in the Kaye Action.

27. Rosefielde admits that Paragraph 27 is generally accurate in characterizing certain of the allegations of Count Five of the Complaint in the Kaye Action.

28. Rosefielde admits that Paragraph 27 is generally accurate in characterizing certain of the allegations of Count Six of the Complaint in the Kaye action.

29. Rosefielde admits that Paragraph 29 is generally accurate in characterizing certain of the allegations of Count Seven of the Complaint in the Kaye action.

30. Rosefielde admits that Paragraph 30 is generally accurate in characterizing certain of the relief sought in Kaye action.

31. Rosefielde admits that Paragraph 31 is generally accurate in characterizing certain of the holdings of the Trial Court in the Kaye action but denies that said holdings are accurate or will be sustained on appeal.

32. Rosefielde admits that Paragraph 32 is generally accurate in characterizing certain of the relief awarded by the Trial Court in the Kaye action in an Opinion dated November 1, 2007.

33. Rosefielde admits that Paragraph 33 of the Complaint is generally accurate in characterizing the final judgment entered in the Kaye action on November 1, 2007.

**FIRST CLAIM FOR RELIEF**

34. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

35. Rosefielde denies the allegations of Paragraph 35.

36. Rosefielde denies that American Guarantee is entitled to any of the relief referred to in Paragraph 36.

4

37. Rosefielde denies the allegations of Paragraph 37.

## SECOND CLAIM FOR RELIEF

38. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

39. Rosefielde denies that American Guarantee is entitled to any of the relief referred to in Paragraph 39.

40. Rosefielde denies the allegations of Paragraph 40.

## THIRD CLAIM FOR RELIEF

41. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

42. Rosefielde denies that American Guarantee is entitled to any of the relief referred to in Paragraph 42.

## FOURTH CLAIM FOR RELIEF

43. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

44. Rosefielde denies the allegations of Paragraph 44.

45. Rosefielde denies the allegations of Paragraph 45.

## FIFTH CLAIM FOR RELIEF

46. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

47. Rosefielde denies the allegations of Paragraph 47.

48. Rosefielde denies the allegations of Paragraph 48.

## SIXTH CLAIM FOR RELIEF

49. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

50. Rosefielde denies the allegations of Paragraph 50.

51. Rosefielde denies the allegations of Paragraph 51.

## SEVENTH CLAIM FOR RELIEF

52. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

53. Rosefielde denies the allegations of Paragraph 53.

54. Rosefielde denies the allegations of Paragraph 54.

## EIGHTH CLAIM FOR RELIEF

55. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

56. Rosefielde denies the allegations of Paragraph 56.

57. Rosefielde denies the allegations of Paragraph 57.

## NINTH CLAIM FOR RELIEF

58. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

59. Rosefielde denies the allegations of Paragraph 61.

60. Rosefielde denies the allegations of Paragraph 60.

## TENTH CLAIM FOR RELIEF

61. Rosefielde incorporates his responses to the allegations of Paragraphs 1 through and including 33 as if fully set forth herein.

62. Rosefielde denies the allegations of Paragraph 62.

63. Rosefielde denies the allegations of Paragraph 63.

## SEPARATE DEFENSES

64. Some or all of American Guarantee's claims are barred by applicable statutes of limitation.

65. Some or all of American Guarantee's claims are barred by the doctrine of waiver.

66. Some or all of American Guarantee's claims are barred by the doctrine of estoppel.

67. American Guarantee's claim that Rosefielde is not entitled to a defense of the claims asserted against him in the Kaye litigation is barred by an agreement between the parties.

68. American Guarantee's claim that Rosefielde is not entitled to be indemnified with respect to the judgment in the Kaye litigation is premature because the judgment in the Kaye is not final.

## **COUNTERCLAIM**

## **COUNT ONE**

## **(Breach of Contract)**

69. Alan P. Rosefielde, by way of counterclaim against American Guarantee, as counterclaim-defendant, alleges as follows:

70. Based upon the terms and provisions of the insurance policy issued by American Guarantee to Rosefielde, which policy is described in the Complaint filed by American Guarantee in this action, American Guarantee was required to defend Rosefielde with respect to all of the claims contained in the complaint and the amended complaints filed in the Kaye Action.

71. At the inception of the Kaye Action and throughout the course of that litigation, a period of approximately two-and-a-half years, American Guarantee consistently reaffirmed its obligation to defend Rosefielde with respect to the claims asserted in the Kaye Action.

72. Even after a final judgment was entered against Rosefielde at the trial level in the Kaye Action, American Guarantee re-affirmed its obligation to continue defending Rosefielde in that litigation on appeal.

73. Indeed, in a letter to Rosefielde's counsel dated November 16, 2007, after the entry of the trial court judgment in the Kaye Action, counsel for American Guarantee, in response to concerns expressed by Rosefielde about whether American Guarantee would assist in an appeal from the judgment entered in the Kaye Action and the defense of a cross-appeal, assured Rosefielde's counsel that American Guarantee would provide a "continued defense in this action, including reasonable legal fees incurred in connection with the appeal and the cross-appeal. Accordingly, this is a non-issue."

74. Given this acknowledgement of an obligation to continue defending the Kaye Action, despite full knowledge of both the allegations that had been made in the Kaye Action and the basis for the trial court's judgment in that case, American Guarantee acted in bad faith, and in breach of its contractual obligations to Rosefielde in filing this litigation to rescind the policy, in attempting to avoid its responsibly to pay for the prosecution of the appeal and the defense of the cross-appeal and in seeking reimbursement from Rosefielde of amounts paid by Rosefielde to counsel appointed by American Guarantee.

WHEREFORE, Alan P. Rosefielde, as plaintiff on the counterclaim, demands judgment in his favor and against counterclaim defendant, American Guarantee, for damages, for costs of suit and for such other and further relief as the court may deem equitable, just or proper.

## COUNT TWO

**(For a Declaration of Responsibility to Indemnify and for Damages and Related Relief)**

75. Alan P. Rosefielde, as counterclaim-defendant, incorporates the allegations of Paragraphs 70 to 74 of Count One of this Counterclaim as if fully set forth herein.

76. In the event the judgment entered by the trial court in the Kaye Action is affirmed, American Guarantee is contractually obligated to indemnify Rosefielde for aspects of the judgment entered in that action, but not including the award of punitive damages.

WHEREFORE, Alan P. Rosefielde, as plaintiff on the counterclaim, demands judgment in his favor and against counterclaim defendant, American Guarantee, for a declaration of contractual rights, for damages, for costs of suit and for such other and further relief as the court may deem equitable, just or proper.

## JURY DEMAND

Alan P. Rosefielde, as Defendant and Counterclaim Plaintiff, demands a jury trial as to all issues so triable.

        ARCHER & GREINER
        A Professional Corporation

        By:    *s/ Alexander Nemiroff*
                Alexander Nemiroff (AN-7906)
                One Centennial Square
                Haddonfield, NJ 08033-0968
                (856) 795-2121
                Attorneys for Defendant,
                Alan P. Rosefielde

Dated: April 2, 2008.

3212603v1