```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALAN P. ROSEFIELDE,<br><br>Defendant. | ECF CASE<br><br>Civil Action 07-civ-11273 (GEL/GWG)<br><br>STIPULATION OF DISCONTINUANCE |

---

THIS Stipulation of Discontinuance (the "Stipulation") is made and entered into as of April 3, 2008, by and between American Guarantee & Liability Insurance Company ("American Guarantee") and Alan P. Rosefielde ("Rosefielde") with respect to litigation that has been filed by American Guarantee against Rosefielde in the United States District Court for the Southern District of New York, No. 07-CV-11273 (GEL) (the "Coverage Action").

WHEREAS, American Guarantee issued a professional liability insurance policy to Rosefielde in October of 2004;

WHEREAS, Rosefielde made a claim under that policy after he was sued in New Jersey State Court litigation in Atlantic County, captioned as <u>Bruce Kaye v. Alan Rosefielde</u>, No. ATL-C-17-05 (the "Kaye Action");

WHEREAS, a final judgment was entered against Rosefielde in the Kaye Action on November 1, 2007, in the net amount of $966,675.76;

**WHEREAS**, personal counsel for Rosefielde filed a Notice of Appeal with respect to the judgment in the Kaye Action on November 2, 2007 and is in the process of pursuing that appeal toward the goal of having the judgment in the Kaye Action reversed;

**WHEREAS**, American Guarantee and Rosefielde agree that it is in their mutual best interest to see the judgment in the Kaye Action is reversed and further agree that it may be a wasteful or inefficient use of their resources to litigate certain issues in the Coverage Action at this time;

**NOW, THEREFORE**, in consideration of the mutual promises of the parties contained herein, and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties hereby agree as follows:

1. The parties agree that the Coverage Action should be dismissed without prejudice until all appellate proceedings and any further trial proceedings in the Kaye Action have been concluded.

2. The parties further agree, in order to avoid prejudice to either party, that all applicable statutes of limitations are hereby waived and tolled for the period from when the Coverage Action is dismissed until it is re-filed.

3. The parties further agree that any coverage disputes between them relating to or arising out of the Kaye Action shall be venued solely in the United States District Court for the Southern District of New York by and upon re-filing of the Coverage Action and that Archer & Greiner, P.C., attorneys-of-record for Rosefielde in the Coverage Action, is hereby authorized to accept service of the summons and complaint in the re-filed Coverage Action on behalf of Rosefielde.

2

4. This Stipulation constitutes the entire agreement of the parties concerning the subject of the coverage litigation. The parties reserve all other rights under the policy or that were or could have been asserted in the Coverage Action.

IN WITNESS WHEREOF, the parties have executed this Stipulation to be effective as of April 3, 2008.

STEINBERG & CAVALIERE, LLP,
Attorneys for Plaintiff,
AMERICAN GUARANTEE &
LIABILITY INSURANCE COMPANY

BY: _____   DATED: 4/8/08
STEVEN A. COPLOFF, ESQUIRE
(SC 0506)


ARCHER & GREINER, P.C.
Attorneys for Defendant
ALAN P. ROSEFIELDE

BY: _____   DATED: 4/9/08
ALEX NEMIROFF, ESQUIRE
(AN 7906)
3219688v1

SO ORDERED
_____
GERARD E. LYNCH, U.S.D.J.
4/9/08

3